IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **GEICO INSURANCE COMPANY** | § | **PLAINTIFF** |
| | § | |
| v. | § | **CAUSE NO. 1:07cv1004 LG-JMR** |
| | § | |
| **FREDERICK HALL, ET AL.** | § | **DEFENDANTS** |

**MEMORANDUM OPINION AND ORDER**

BEFORE THE COURT are cross-motions for summary judgment filed by the parties to this declaratory judgment action. Each motion has been fully briefed. After due consideration, the Court finds that there is no question of material fact for a jury. GEICO's Motion for Summary Judgment will be granted, and White's Motion for Summary Judgment will be denied.

DISCUSSION

GEICO seeks a determination that its insurance policy contains a limit of $25,000.00 per person for Defendant Nancy White's claim against GEICO's insureds, Adam and Frederick Hall. White has filed a counterclaim against GEICO seeking a declaratory judgment holding that the policy provides up to $200,000.00 in coverage.

At the outset, the Court must determine what the operative insurance policy is. White alleges that the insureds lost their copy of the insurance policy during Hurricane Katrina. Thus, she is unable to provide any evidence of the contents of the policy. GEICO attached one form of the insurance policy to its Complaint. However, GEICO later determined that the form attached to the Complaint was an old one, and was missing the declarations page as well as an important endorsement. The insurance policy GEICO alleges was in force at the time of the accident was produced during discovery. Rather than seeking leave to file an amended complaint with the correct insurance policy, GEICO filed a motion for summary judgment, attaching the alleged

correct policy as summary judgment evidence in support of the motion.  White argues that because GEICO alleged in its complaint that the old, incomplete insurance policy was the policy at issue, and White admitted the same in her answer, the operative policy (which does not include the disputed endorsement) has been established as a matter of irrefutable fact.  White provides no legal support for this argument, and the Court is unable to find any precedent that would support this contention.  If the operative insurance policy is the policy attached to the complaint, White alleges the limit may be as much as $200,000.  If, on the other hand, it is the policy and the attached endorsements that GEICO produced in discovery and in support of the summary judgment motion, the limit is $25,000.

In the opinion of the Court, the competent summary judgment evidence does not reveal a question of fact on regarding the policy in effect at the operative time.  First, there is the testimony of GEICO representative Tim Wander.  Wander's testimony is not clear, and it appears that he was  unsure about how to interpret the information in the underwriting file.  Wander does state that the disputed endorsement was mailed to the insureds in April 2003, "I mean, just the normal process for sending out a renewal, I mean, when they revise endorsement, that it's going to be automatically, programmatically sent on the renewal."  Ct. R. 43-2 p. 11.  He also testified that,  "Based on what I have here [in the underwriting file], I don't understand why it would not have been attached for that October '02 renewal."  *Id.* at 12.  Second, an employee in GEICO's Underwriting Department, K.A. Jones, testified by affidavit that:

> Based on my research, the A54 Mississippi Automobile Policy Amendment which was part of the Hall's certified policy had been revised in December, 2001.  The Amendment was effective for policies written as of February 11, 2002.  The Hall's policy would was [sic] renewed effective April 1, 2002 and the renewal policy containing the Amendment was processed to be mailed to the Halls on

> February 14, 2002.  During the ordinary course of GEICO's business, GEICO would have expected the Halls to have received the Amendment at the mailing address listed on the policy.  The Amendment was in effect at the time of the April 12, 2006 automobile accident involving Nancy White.

Ct. R. 49-2 p. 22.

This affidavit evidence is sufficient to prove that GEICO mailed the endorsement to the insureds in 2002.  *Wells Fargo Bus. Credit v. Ben Kozloff, Inc.*, 695 F.2d 940, 944 (5th Cir. 1982) ("Placing letters in the mail may be proved by circumstantial evidence, including customary mailing practices used in the sender's business.").  Once properly mailed, the endorsement is presumed to have been received by the insureds.  *Id*.  Finally, White has produced no evidence to rebut these legal presumptions.  White may not merely rely on the pleadings in opposing GEICO's summary judgment motion.  *See* FED. R. CIV. P. 56(e)(2)  Consequently, White has failed to offer proof that there is a triable issue of fact regarding the form of the insurance policy.  Because White's remaining arguments are predicated on the language of the older policy, which the Court has found is not the operative policy in this case, those arguments require no discussion.  In fact, White appears to agree.  "[I]f it is clear that the endorsement was attached to the Halls' policy, GEICO would probably be entitled to summary judgment."  Ct. R. 53 p. 3.  Accordingly, GEICO is entitled to a declaratory judgment.  The insured's policy of automobile insurance limits White to recovery of $25,000.00.

**IT IS THEREFORE ORDERED AND ADJUDGED** that because there is no genuine issue as to any material fact, Plaintiff GEICO Insurance Company's Motion for Summary Judgment [44] is **GRANTED**, and the Defendant Nancy White's Motion for Summary Judgment [42] is **DENIED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that Defendant GEICO Insurance Company's automobile insurance policy limits Nancy White to recovery of $25,000.

**SO ORDERED AND ADJUDGED** this the 1st day of October, 2008.

                                                  s/ *Louis Guirola, Jr.*
                                                  LOUIS GUIROLA, JR.
                                                  UNITED STATES DISTRICT JUDGE